IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN BURKHART, | ) | No. C 10-1967 LHK (PR) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S MOTION TO DISMISS UNEXHAUSTED CLAIM; ORDER TO SHOW CAUSE |
| vs. | ) ) ) | |
| THERESA GONZALEZ, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. On February 9, 2011, the Court granted Respondent's motion to dismiss and required Petitioner to elect how he wanted to resolve the issue of his unexhausted claim in this Court by: (1) dismissing the unexhausted claim and going forward with only the remaining exhausted claim; (2) terminating this habeas action and then completing the exhaustion of his unexhausted claim before filing a new federal petition presenting all of his claims; or (3) requesting a stay of the instant habeas proceedings while he exhausted his unexhausted claim in the California Supreme Court, and then filing a response with this Court within thirty days.

On February 24, 2011, Petitioner filed a notice, electing to continue to proceed with the

1  sole exhausted claim, and dismissing claim two of the instant petition.

2       Accordingly, Petitioner's request to continue with only the exhausted claim and dismiss
3  claim two is GRANTED.  The Court will renew its order to show cause to Respondent as to why
4  the petition should not be granted as to the remaining claim: whether Petitioner's right to self-
5  representation was violated by the trial court.

### CONCLUSION

7      1.    Petitioner's request to continue to proceed with only the exhausted claim and
8  dismiss claim two is GRANTED.

9      2.    Respondent shall file with the court and serve on Petitioner, within **sixty**
10  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
11  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
12  granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of
13  the state trial record that have been transcribed previously and that are relevant to a
14  determination of the issues presented by the petition.

15      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
16  court and serving it on Respondent within **thirty days** of his receipt of the answer.

17      3.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
18  all communications with the Court must be served on Respondent by mailing a true copy of the
19  document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of
20  any change of address by filing a separate paper captioned "Notice of Change of Address."  He
21  must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
22  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
23  41(b).  IT IS SO ORDERED.

24  Dated:  3/2/11

                      *Lucy H. Koh*
                      LUCY H. KOH
25                       United States District Judge