IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN BURKHART, | ) | No. C 10-1967 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION TO |
| vs. | ) ) | RECUSE |
| THERESA GONZALEZ, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising two claims. On October 27, 2010, Respondent filed a motion to dismiss the petition for failure to exhaust. On December 6, 2010, Petitioner filed an opposition. On February 9, 2011, the Court granted Respondent's motion to dismiss, concluding that one claim was exhausted and the other was not. The Court directed Petitioner to elect how he wished to proceed. On February 24, 2011, Petitioner chose to abandon the unexhausted claim and proceed with the exhausted one. On March 2, 2011, the Court ordered Respondent to show cause as to why the petition should not be granted on the one exhausted claim. On March 21, 2011, Petitioner filed a letter requesting that the Court recuse itself.

As grounds for his request, Petitioner claims that the Court failed to address his statement that all of his claims were exhausted in state court. However, the Court considered Petitioner's

1 conclusory statements that he exhausted both claims in state court (docket no. 18). Moreover, Petitioner later claimed that if one of his claims had not been raised in the California Supreme Court, it was the fault of his appointed attorney for failing to raise it. (Docket No. 22.) The record belies Petitioner's allegation that the Court "failed to address" Petitioner's contention that his claims were exhausted.

Second, Petitioner claims that the Court "failed to address [his] request for legal counsel and has gone on to dismiss one of the claims which [he] legally proved to be exhausted and the Court has not talked to me at all about these." On September 27, 2010, the Court received a letter for Petitioner requesting counsel. (Docket No. 13.) That same day, Petitioner filed a renewed motion for counsel. (Docket No. 15.) On October 1, 2010, the Court issued an order denying Petitioner's requests for counsel. The record belies Petitioner's allegation that the Court failed to address this issue.

Finally, Petitioner claims that the Court favors the Respondent because it denied Petitioner's motion for default and granted Respondent "extensions upon extensions." The Court indeed denied Petitioner's motion for default. In its October 1, 2010 order, the Court noted that Respondent filed a motion for extension of time two days after the deadline, and that there was no indication that Petitioner would be prejudiced by such an extension. Moreover, default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In addition, the Respondent has requested and received only one extension of time over the course of this action, contrary to the intimation that the Court has unnecessarily prolonged this litigation.

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district court judge fall under two statutes: 28 U.S.C. §§ 144 and 455. Petitioner's letter is not in the proper form because it is not made under penalty of perjury. Moreover, it appears that Petitioner seeks an order of recusal on the asserted ground that the Court's rulings were due to judicial bias against him. Such allegations categorically fail to establish, under either 28 U.S.C. § 144 or 28 U.S.C. § 455, any basis for a determination that the

1  Court's impartiality might reasonably be questioned, and, consequently, are insufficient as a
2  matter of law. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly
3  denied motion for disqualification based on his prior service as prosecutor and his actions during
4  the proceedings because neither ground required recusal); *Liteky v. United States*, 510 U.S. 540,
5  555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of
6  judicial proceedings "almost never" provide grounds for recusal); *United States v. Sibla*, 624
7  F.2d 864, 868 (9th Cir. 1980) (holding affidavit seeking recusal not legally sufficient unless it
8  alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"); *see also*
9  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit
10 inadequate when based on conclusory allegations of bias).

11       Accordingly, Petitioner's request for an order of recusal is DENIED.
12       IT IS SO ORDERED.
13 Dated:   4/11/11
                                                    *Lucy H. Koh*
14                                                  LUCY H. KOH
                                                    United States District Judge