NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BURKHART,              )<br>                                             )<br>              Petitioner,       )<br>                                             )<br>   vs.                                    )<br>                                             )<br>THERESA GONZALEZ,       )<br>                                             )<br>              Respondent.    )<br>_____) | No. C 10-1967 LHK (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS;<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. On October 27, 2010, Respondent filed a motion to dismiss for failure to exhaust state remedies. On February 9, 2011, the Court granted Respondent's motion, and directed Petitioner to elect how he wished to proceed. On February 24, 2011, Petitioner moved to dismiss his unexhausted claim and proceed only with his remaining exhausted claim. On March 2, 2011, the Court dismissed Petitioner's unexhausted claim, and ordered Respondent to file an answer addressing the merits of Petitioner's remaining exhausted claim. Respondent did so. Although given an opportunity, Petitioner did not file a traverse. Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claim presented, and DENIES the petition.

**BACKGROUND**

On June 27, 2007, a jury found Petitioner guilty of assault and false imprisonment. (CT 106-07, 113; Resp. Ex. F at 1.) Petitioner was sentenced to a term of seven years eight months. (CT 149, 161.) On March 26, 2009, the California Court of Appeal affirmed the judgment. (Resp. Ex. F.) On June 10, 2009, the California Supreme Court denied review. (Resp. Ex. H.)

**DISCUSSION**

A. <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at

409.

B. Petitioner's Claim

As grounds for federal habeas relief, Petitioner claims that the trial court violated his right to self-representation by denying his *Faretta* request. *See Faretta v. California*, 422 U.S. 806 (1975). Trial was scheduled to begin on Monday, June 18, 2007. (Resp. Ex. F at 3.) On Friday, June 15, 2007, the trial court held a hearing to address Petitioner's motion to substitute counsel pursuant to *People v. Marsden*, 2 Cal.3d 118 (1970). (*Id.*) At the hearing, Petitioner explained that he was dissatisfied with counsel because counsel waived the preliminary hearing without telling Petitioner why; counsel had no defense strategy; counsel had "hung up" on Petitioner; counsel had not visited Petitioner; and counsel had been condescending to Petitioner. (RT 36-37.) Petitioner relayed several other complaints regarding his unhappiness with counsel. (RT 37-38.) In response, counsel answered that he had waived the preliminary hearing in order to leave a plea offer open (RT 41-42); there was a misunderstanding regarding the "hang up" (RT 40-41); counsel had visited Petitioner five times at the main detention facility (RT 40); and counsel averred that he had spoken with Petitioner regarding the case, the issues, the potential testimonies being offered, and had followed up on all relevant investigation (RT 41). Ultimately, the trial court denied Petitioner's motion to substitute counsel, finding that counsel had thus far provided adequate representation. (RT 43.) Then, the following colloquy occurred:

> PETITIONER:  He hasn't gotten a defense strategy, he hasn't talked to me, crossness.
>
> THE COURT:  The trial will be next week. You can talk that over with him, and I'm sure you'll have contact with him.
>
> PETITIONER:  Now I fear retaliation
>
> THE COURT:  You don't have to worry about that.
>
> PETITIONER:  Are you sure?
>
> THE COURT:  [Counsel] has represented –
>
> PETITIONER:  After the hang-up he's been very disrespectful. I would rather go pro per than have this man represent me at trial. I don't trust him.
>
> THE COURT:  You're better off with an attorney representing you during trial, believe me. At this time I am denying the *Marsden* motion, and

1    [Petitioner's] case will be on at 1:30.
2 (RT 43.)
3    On direct appeal, the California Court of Appeal concluded that Petitioner's request for
4 self-representation was equivocal and was made in response to the trial court's denial of his
5 motion to substitute counsel. (Resp. Ex. F at 3.) Because the motion was "apparently made in
6 passing anger or frustration," the appellate court reasoned that the trial court's denial was proper.
7 (*Id.*) Alternatively, the Court of Appeal found that even if Petitioner's request was unequivocal,
8 Petitioner's failure to renew the request or invoke his *Faretta* right again during trial waived the
9 request. (*Id.* at 4.)
10    A criminal defendant has a Sixth Amendment right to represent himself. *See Faretta*,
11 422 U.S. at 818-19. The decision to represent oneself and waive the right to counsel must be
12 unequivocal, knowing and intelligent, timely, and not for purposes of securing delay. *See id.* at
13 835. The only factor at issue here is whether the request was unequivocal.
14    Requiring that the request for self-representation be unequivocal ensures that the
15 defendant does not inadvertently waive his right to counsel and prevents him from taking
16 advantage of the mutual exclusivity of the rights to counsel and self-representation. *See Adams*
17 *v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989). If a defendant equivocates, he is presumed to
18 have requested the assistance of counsel. *See id.* Generally, although not clearly established, to
19 determine whether a request for self representation was unequivocal, courts consider "the timing
20 of the request, the manner in which the request was made, and whether the defendant repeatedly
21 made the request." *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007). A request for
22 self-representation must be evaluated in context. *See Robinson v. Kramer*, 588 F.3d 1212, 1218
23 (9th Cir. 2009) (requiring a fact-specific inquiry). Such a request is considered equivocal when
24 it is a "momentary caprice," "the result of thinking out loud," or an "impulsive reaction."
25 *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990); *see also Adams*, 875 F.2d at 1445. The
26 determination of whether a petitioner unequivocally requested self-representation is a factual
27 matter, and "federal courts must give significant deference to the trial court's factual findings."
28 *Stenson*, 504 F.3d at 882 (citing 28 U.S.C. § 2254(e)(1)).

1   Here, during a *Marsden* hearing, Petitioner requested substitution of counsel because he
2   felt that his counsel was disrespectful, not performing, and untrustworthy.  The trial court
3   concluded otherwise, and denied the motion.  Immediately in response to the denial, Petitioner
4   requested to represent himself.  Notably, this request was made just days before Petitioner's
5   scheduled trial date.  As in *Jackson*, the request was an "impulsive reaction" to the court's denial
6   of his *Marsden* motion.  *Jackson*, 921 F.2d at 888-89; *see also United States v. Mendez-Sanchez*,
7   563 F.3d 935, 939 (9th Cir. 2009) ("A request to represent oneself made while at the same time
8   stating a preference for representation by a different lawyer and rearguing the change of counsel
9   motion is insufficient to invoke *Faretta*.").  Petitioner's actions support the state court's
10  conclusion that rather than possessing a genuine desire to represent himself, the motivation
11  behind the *Faretta* request was borne out of frustration by his inability to replace his counsel.
12  *See Jackson*, 921 F.2d at 889 (concluding that the *Faretta* request was equivocal after petitioner
13  stated, "Hey, I don't see why [the motion for substitute counsel] isn't granted.  I'm doing the
14  filing of the motion [for a new trial].  What good is [appointed trial counsel] doing for me now?
15  I want to fight in *pro per* then.  Relieve him and I do this myself.").  Moreover, Petitioner never
16  raised any objection, nor renewed his request to represent himself until after the jury had
17  returned its verdict.

18  In this case, the California Court of Appeal found that Petitioner's *Faretta* request was
19  equivocal because it was a "spur of the moment," "ambivalent request" "made in passing anger
20  or frustration."  (Resp. Ex. F at 3-4.)  In light of the evidence, those factual findings were not
21  unreasonable determinations of the record.  28 U.S.C. § 2254(d)(2).  Petitioner is not entitled to
22  federal habeas relief.

## CONCLUSION

24  Petitioner's petition for writ of habeas corpus is DENIED.

25  The federal rules governing habeas cases brought by state prisoners require a district
26  court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its
27  ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Petitioner has
28  not shown "that jurists of reason would find it debatable whether the petition states a valid claim

1  of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
2  Accordingly, a COA is DENIED.
3       The Clerk shall close the file.
4       IT IS SO ORDERED.
5  DATED: 5/30/12

_____
LUCY H. KOH
United States District Judge